We understand that everyone is here and checked in and ready to present arguments. So we will hear the cases in the order that they are listed. And the first case is Reyes-Mazariegos v. Mukasey. May it please the Court, good morning. I am Ina Lipkin on behalf of the petitioner. This is an immigration matter in a case where the Board of Immigration Appeals issued a decision without a separate opinion, so the judge's opinion is the final agency determination. The judge, I will refer to him as the IJ, found that the petitioner was indeed credible in his account of incidences of harm in Guatemala as a member of the civil patrol, although he did not find that the petitioner established past persecution or a well-founded fear of future persecution. In this matter, the petitioner contends that indeed he has established a well-founded fear of future persecution based on the threats that specifically targeted him as the chief of his local civil patrol and that those threats alone form the objective basis of his fear. Additionally, the petitioner contends that the IJ's findings based on changed country conditions were erroneous. In this matter, the IJ found that because of the 1996 accords in Guatemala, that the situation has improved and that the petitioner would not have any fear of further problems with guerrillas. However, just because the country condition reports do not necessarily mention the existence of guerrillas, that doesn't preclude that there still might be guerrilla activity in the local vicinity. This is true. But do I understand that the IJ found that there was no past persecution? That's correct. What happened to him did not amount to persecution. That's correct. And you don't challenge that finding? Apparently, it was not challenged, no. So the basis for your fear of future persecution is that things are not all that much better? That's correct. And that he might suffer some problems in the future. That's correct. And that his fear is objective because the threats that he received were sufficient to produce in his mind a reasonable fear. And the IJ did find that the incidence of threats that he testified to was credible. He testified guerrillas attacked his home when he was away, that they vandalized the walls, that they left pamphlets and threatening notes specifically targeting him with death, causing him to flee his home and never to return. Where is his family now? The majority of his family moved away to a larger city. And have they been harassed in any way? No. They have not. Then why can't he just relocate as his family did? Well, Your Honor, his family were not, according to the evidence of the record, in any way connected with the civil patrol except for the petitioner's membership. All right. Let's assume that that's true. Why can't he just go live with his family? I mean, why can't he relocate? What evidence is there in the record that he would be unsafe throughout Guatemala? Well, the Court has consistently held that if the applicant has even a 10 percent chance of future persecution, then his reasonable fear is sufficient to show that he couldn't relocate. Yeah, but it goes to the question of whether it's reasonable. It's not reasonable if he could move someplace else in Guatemala. Well, there's no indication that he would necessarily join with them. The evidence in the record shows that he has fathered a child here in the United States, I believe, in 2001. And there's no indication that he would return to his family that he has not seen in many years. So he, because that testimony was not developed before the IJ, there's nothing except the IJ's speculation that he would not return to his home. Thank you. I think we understand your position. Are there any further questions? Okay. I'll reserve the rest of the time if necessary. Thank you so much. Good morning. Thank you, and may it please the Court. Catherine Hahn on behalf of the United States. I'd like to just start out by correcting what I just heard, which was that there were threats. I believe there was only one threat here that could even be called that. It was also not a death threat. Rather, it was leaving behind a pamphlet saying we will be back. So although the government would concede that's a threat, it's not a specific death threat targeting him, and I think that's a difference. The only issue here is whether Petitioner's fear of returning to Guatemala is objectively reasonable. The IJ found it wasn't, and I think that conclusion is eminently correct. Certainly nothing in this record compels reversal, because here the Petitioner didn't show any director-specific evidence. He's talking about Civil Patrol Service over 10 years ago. He himself admitted on cross-examination that the guerrillas are in a, quote, sleeping mode. He also acknowledged they were no longer active. Those citations are at the record at page 90. He also conceded that the peace accords were signed, although he takes a different view of whether that improved the situation. But I think the IJ was right when he said that general fear of criminal violence, which is gripping Guatemala, is not sufficient to establish a well-founded fear. These Courts' cases, such as Arriaga and DiValle, also hold that. A generalized fear of wanting to return to or not wanting to return somewhere is simply not sufficient. I think this case is exactly like this Court's decision in Molina Estrada, which is cited in both briefs. There, there was no past persecution established. And the Petitioner, like the Petitioner here, claimed he feared returning to Guatemala on the basis of prior military service. And this Court held that he simply had not offered any direct specific evidence. That, coupled with State Department reports talking about changed country conditions, was sufficient to deny the Petitioner relief. So unless the Court has any further questions, for all the reasons I've stated in the briefs, the government urges the Court to deny all the relief here. Don't appear to be any. Thank you. Do you wish to add anything? Thank you. The case just argued is submitted for decision. We'll hear the next case, which is United States v. Contreras, now.
judges: Schroeder, D.W. Nelson, Reinhardt